NATIONAL CITY BANK OF NEW YORK, Plaintiff, *v.* PHILIP SCHONBERG, Defendant.

Supreme Court, New York County, June 14, 1933.

*Zalkin & Cohen* [*Barney B. Fensterstock* of counsel], for the plaintiff.

*David E. Singer* [*Nathan Waxman* of counsel], for the defendant.

COTILLO, J. This action has been instituted by the National City Bank as the assignee of the Bank of America. The action is brought to recover on a series of collateral promissory notes signed by the defendant and upon which there is now due $45,210.21. On the

trial there was no question as to the making and delivery of the notes and the non-payment thereof. The sole question involved is as to whether or not the testimony of the defendant establishes a good and sufficient defense and counterclaim to the causes of action set forth in the complaint. The plaintiff's *prima facie* case on the various notes is conceded in all respects by the defendant. I think that the testimony of defendant establishes a complete defense to plaintiff's case, and also establishes the basis for his recovery on his counterclaim. The testimony of defendant shows that on or about the 29th day of October, 1929, he was called to the Bank of America concerning the promissory notes, the value of the collateral for which had fallen below the amount of the loan. At that time he had a conversation with Mr. Walker, the vice-president of the Bank of America, who had charge of this loan from its inception. There was due on the notes around $61,000, and the defendant had up as collateral a number of shares of stock including 236 shares of the Chase National Bank, 20 shares of the Guaranty Trust Company, 100 shares of the Hudson Casualty Company, and 100 shares of New Jersey Bankers' Security stock.

The defendant was told by Mr. Walker at that time that the collateral would have to be increased or the loan reduced, and an agreement was entered into whereby the Bank of America agreed not to call the loan upon the payment by the defendant of $6,000. The agreement further provided that no further call was to be made until April 1, 1930, at which time the stock was to be sold by the Bank of America at the market value on that day and the proceeds used for the payment of the loan. This testimony of the defendant is neither contradicted nor impeached. The plaintiff failed to call Mr. Walker to the stand or account for its inability to do so.

The proof is further uncontradicted that on April first the Bank of America failed to sell the stock of the defendant, and had it done so at the time it would not only have been sufficient to pay the loan, but there would also be enough to leave a balance of $7,973.58, which would be due to the defendant. A further conversation is testified to by the defendant, alleged to have been had with Dr. Giannini, the president of the Bank of America, in which the defendant complained to Dr. Giannini after his loan had been called late in December, 1930, and after the depreciation of the stocks, so that there was a deficit on the loan. This conversation is alleged to have taken place in the presence of Mr. Walker, during which Dr. Giannini asked Walker why he did not carry out the instructions of the defendant, and Walker replied that he was informed that the defendant was good for the value of the note, and, therefore, failed to sell the stock. This conversation is also uncontradicted and

undenied.   Dr. Giannini was not called to the stand by the plaintiff nor his absence explained.

In view of this testimony, the court is of the opinion that the judgment should be granted in favor of the defendant on the merits as to the plaintiff's claim and also a judgment entered in favor of the defendant on his counterclaim in the amount of $7,973.58.   Thirty days' stay and sixty days to make a case.